UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**BRANDON L. MASON,**
                 **Plaintiff**

v.                                                         **Civil Action Number**
                                                                         **1:06CV116-J**

**MICHAEL J. ASTRUE, Commissioner,**
  **Social Security Administration,**
                                    **Defendant**

**MEMORANDUM OPINION**

This matter is before the Court on plaintiff Brandon Mason's request for review of the decision of the defendant Commissioner denying his claim to disability insurance benefits and supplemental security income payments . After examining the materials of record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the Commissioner should be affirmed.

Plaintiff filed his applications on March 17, 2004, alleging that he had been unable to engage in any substantial gainful employment since November 1, 2001. After a hearing, the Administrative Law Judge ("ALJ") determined that Mr. Mason's history of continuing alcohol dependence with interrelated depressive disorder was a severe impairment, but that it did not prevent him from returning to his past relevant work as a construction laborer/roofer.

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by an error of law, and to determine whether substantial evidence supports the decision of the Commissioner. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003).

"Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. N.L.R.B. v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). The substantial evidence standard presupposes that there is a "zone of choice within which the decisionmakers can go either way," and this Court is not permitted to reverse a decision merely because substantial evidence would have supported the contrary decision. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986).

Mr. Mason contends that the ALJ erred when she rejected the opinions and conclusions of treating physician Dr. Peddicord.[1] Dr. Peddicord opined that Mr. Mason would be limited to lifting or carrying less than fifteen pounds occasionally and less than ten pounds frequently; that he would be able to stand or walk a total of two hours in an eight hour day; that he would be able to sit for a total of two hours in an eight hour day; and that he could never climb, stoop, kneel, crouch or crawl. She stated that the medical findings supporting her assessment were "herniated lumbar disc with lumbar radiculopathy." (Tr. 216-217).

In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the court confirmed the weight ordinarily due the opinion of a treating physician. Wilson also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. Section 404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician. See also Soc.Sec.Rul. 96-2p.

A treating physician's opinion, if uncontradicted, should be given complete deference.

---

[1] The Court's review of this matter has been hampered by the failure of the plaintiff to comply with the Court's directive that arguments cite to specific pages in the administrative record.

See, e.g., Walker v. Secretary of Health & Human Servs., 980 F.2d 1066, 1070 (6th Cir.1992). A treating physician's opinion is entitled to more weight if Commissioner finds "that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." 20 C.F.R. Section 404.1527(d)(2)(1999). In other words, the opinion of a treating physician need not be given controlling weight unless supported by clinical or diagnostic findings. See Walters v. Commissioner of Social Security, 127 F.3d 525, 530 (6th Cir.1997); Bogle v. Sullivan, 998 F.2d 342, 347 (6th Cir.1993); Kirk v. Heckler, 742 F.2d 968, 973 (6th Cir.1984).  However,  "in all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference," even if that opinion does not qualify for controlling weight.  Rogers v. Commissioner of Social Security, __F.3d__, 2007 WL 1501302 at page 6 (6th Cir. May 24, 2007).

      The ALJ observed that Dr. Peddicord's assessment of herniated disc was inconsistent with her treatment notes which reveal no referral for physical therapy or surgery, and it was also inconsistent with the MRI studies.  An MRI performed in March of 2002 revealed "mild diffuse annular bulging of the L4-L5 disk without focal disk herniation."  Tr. 168.  A followup MRI in April of 2003 showed "mild loss of disc signal at L4-L5; however no evidence of focal disc extrusion or bony spinal stenosis.  Tr. 149.  The most recent MRI, dated May 24, 2005, again showed disc displacement or protrusion at L4-L5, but the report identified no herniation and no problems at any other lumbar level.  Tr. 209.  In addition, the ALJ observed that Dr. Peddicord's office notes reflect that claimant has continued to work as a construction laborer and roofer, and

3

they do not reflect any advice that this work be discontinued. Tr. 23. As late as May 2004, Mr. Mason reported to Dr. Peddicord that he was working every day. Tr. 144. In addition, Mr. Mason's own report of his activities was inconsistent with the extreme restrictions stated by Dr. Peddicord. See. Tr. 130. The Court is unable to see any error in the ALJ's evaluation of the treating physician's opinion as stated in her July 22, 2005 Medical Assessment of Ability to Do Work-Related Activities.

    As no legal error is identified and substantial evidence supports the ALJ's findings, the Court must affirm the decision of the Commissioner. An order in conformity has this day entered.